# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AMBER PODERS,

    Plaintiff

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,

    Defendant

Case No.: 2:19-cv-00533-APG-NJK

**Order Remanding Case to State Court**

Defendant Safeco Insurance Company of Illinois removed this case on the basis of diversity jurisdiction. ECF No. 1. Because it did not appear that the amount in controversy requirement was satisfied, I ordered Safeco to show cause why this matter should not be remanded. ECF No. 4. Safeco responds that because the plaintiff has repeatedly demanded the $100,000 policy limit, the amount in controversy exceeds $75,000.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 567, emphasis omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-v-00438-RCJ-WGC, 2013 WL 757621, at *1 (D. Nev. Feb. 27, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007)). The Eleventh Circuit Court of Appeals has held that in making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (quotation omitted). This approach is consistent with the Supreme Court's holding in

2

*Ashcroft v. Iqbal* that "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. 662, 679 (2009); *see also Roe*, 613 F.3d at 1062, n.5.

Here, there is considerable doubt as to Safeco's right to remove this case because it appears highly unlikely that the plaintiff can satisfy this court's jurisdictional threshold. The plaintiff has identified only $15,520.73 in medical bills and $3,733.65 in vehicle damage. ECF No. 8-1 at 2, 4. The plaintiff recovered $15,000 from the tortfeasor. ECF No. 8-2 at 2. The attached medical records suggest the plaintiff has ceased treating and there is no recommendation for surgery or other expensive future treatment. ECF No. 8-1.

Safeco relies on the fact that the plaintiff has repeatedly demanded the $100,000 policy limit. A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (quotation omitted). But given that nearly all of the plaintiff's medical bills and property damage has been covered by the tortfeasor's insurance and there is no indication of future medical treatment needs, $100,000 does not appear to reflect a reasonable estimate of the plaintiff's claim even considering punitive damages. Based on my judicial, legal, and practical experience and common sense, Safeco has not met its burden of showing that the amount in controversy meets federal jurisdictional requirements. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679. I therefore remand this action to state court.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 23rd day of April, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE